IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-364-F

| | | |
|---|---|---|
| C.H., a minor, LINDA A. HUGHES and ROBERT W. HUGHES, | ) ) ) | |
| Plaintiffs, | ) ) | **SCHEDULING ORDER AND** |
| v. | ) ) | **PROTECTIVE ORDER** |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) | |

The court has considered the parties' Joint Proposed Discovery Plan (D.E. 11) ("Discovery Plan") filed 28 December 2011 and annexed hereto. The Discovery Plan contains both a proposed scheduling order and a proposed protective order. Each will be addressed in turn.

## **SCHEDULING ORDER**
**(pp. 1-8, 12-14)**

The proposed scheduling order is APPROVED, subject to the changes reflected herein. Critical deadlines are as follows:

1. All discovery shall be commenced in time to be completed by 30 July 2012.

2. Reports from retained experts shall be served by plaintiffs no later than 30 March 2012 and by defendant no later than 18 May 2012. Plaintiffs' rebuttal expert reports, if any, shall be served within 30 days after service of defendant's expert reports. Defendant's rebuttal reports, if any, shall be served no later than 18 May 2012.

3. Any potentially dispositive motions shall be filed by 31 August 2012.

4. This action will be calendared for trial before Senior U.S. District Judge James C. Fox at his 2 January 2013 civil term in Wilmington, North Carolina. A trial calendar indicating the order in which cases will be called for trial at that term will be distributed two months beforehand. At the same time, a final pre-trial conference will be scheduled approximately two weeks before the trial.

The remaining portions of the proposed scheduling order not modified herein are ADOPTED as the court's Order.

Supplementation under Fed. R. Civ. P. Rule 26(e) must be made promptly after receipt of the information by the supplementing party, but in no event later than 1 May 2012. In addition, motions to join additional parties and to amend pleadings must be filed by plaintiffs no later than 17 February 2012 and by defendant no later than 2 March 2012. Nothing in this Order shall relieve any party of any requirement to obtain court approval prior to joining a party or amending its pleadings. Any motion to amend filed after the deadlines set in this Order must meet the standards of Fed. R. Civ. P. 15 and 16.

Counsel are cautioned not to be dilatory in pursuing discovery. Motions for extension of discovery deadlines are not favored if they would require a continuance of the trial.

Any party that makes an appearance after this Order has been entered shall be required to confer with opposing counsel and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 21 days after the party's appearance. Such party shall be bound by the terms of this Order unless the party moves for and obtains amendment of this Order by the court.

This case is not subject to mandatory mediation, pursuant to Local Civil Rule 101.1a(b), E.D.N.C. The parties are reminded that on request the court will assist with settlement

2

negotiations or other alternative dispute resolution, such as a court-hosted settlement conference or summary jury trial, by making available a judge other than the trial judge to explore these possibilities. In their Discovery Plan, the parties indicate their intention to participate in a private mediation with Donald Beskind, Esq. and if this does not resolve the case, to request a court-hosted settlement conference prior to the close of discovery. If that is their intention, they shall timely file an appropriate motion for such relief.

## **PROTECTIVE ORDER**
**(pp. 8 -11)**

The court hereby APPROVES and ADOPTS the terms of the parties' proposed protective order. It further reminds the parties that the provisions of Local Civil Rule 79.2, E.D.N.C. control filing of sealed documents. Any person submitting documents under seal pursuant to this Protective Order shall submit with them a motion to seal and shall otherwise comply with Local Civil Rule 79.2. The motion shall be accompanied by a supporting memorandum showing that the documents may properly be sealed. *See, e.g., Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

SO ORDERED, this the 2nd day of February 2012.

_____
James E. Gates
United States Magistrate Judge

```
                    UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                          WESTERN DIVISION

                        NO. 5:11-cv-364-F
```

| | |
|---|---|
| C.H., a minor, LINDA A. HUGHES and ROBERT W. HUGHES,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>    v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>    Defendant.  ) | JOINT PROPOSED DISCOVERY PLAN |

Pursuant to Federal Rule of Civil Procedure, Rule 26(f), a meeting was held on December 16, 2011, by telephone and was attended by:

<u>For Plaintiffs</u>: William W. Plyler and Jason A. Miller; work hours: 8:30 a.m. to 5:00 p.m.; contact information in signature block.

<u>For Defendant</u>: Edward D. Gray, Assistant United States Attorney; work hours: 8:30 a.m. to 5:00 p.m.; contact information in signature block.

This claim alleges an injury to a minor as a result of the negligence of agents of the United States under the Federal Tort Claims Act (FTCA).

During the Rule 26(f) meeting, the parties agreed to and thereby propose to the Court the following parameters for discovery in this case:

## I. RULE 26(a)(1) – MANDATORY INITIAL DISCLOSURES

The parties agree that the Rule 26(a)(1) mandatory initial disclosures will be served on or before January 30, 2012.

### A. Scope of Discovery

Discovery will be needed by both parties on liability and damages.

### B. Discovery Deadlines

Discovery will close on July 30, 2012.

All discovery which requires a response by opposing counsel shall be served by June 29, 2012 so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed. Local Civil Rule 26.1(b).

### C. Expert Witnesses

Reports from retained experts pursuant to Rule 26(a)(2) are due from:

1. Plaintiffs: by March 30, 2012; and
2. Defendant: by May 18, 2012.
3. Rebuttal: Rebuttal expert witnesses to Rule 26(a)(2)(B) witnesses shall be served within thirty (30) days after the opposing party's disclosure. However, Defendant's rebuttal to Plaintiffs' experts shall not be due until the later of thirty (30) days after Plaintiffs' service of expert reports or Defendant's deadline for service

2

of expert reports.

**D.   Interrogatories**

Interrogatories shall be limited to a maximum of 50 (fifty) interrogatories by each party to any other party.  Responses are due thirty (30) days after service.  Per Local Civil Rule 33.1, at the time of service of the discovery request or as soon thereafter as is practicable, the parties will serve a copy of the interrogatories in a form that is electronically fillable, either Word or WordPerfect, to facilitate responses in addition to placing the discovery requests in the mail.

**E.   Requests for Production**

In accord with the Federal Rules of Civil Procedure, the parties do not limit the number of requests for production of documents.  Per Local Civil Rule 34.1, at the time of service of the discovery request or as soon thereafter as is practicable, the parties will serve a copy of the requests for production of documents in a form that is electronically fillable, either Word or WordPerfect, to facilitate responses, in addition to placing the discovery requests in the mail.

**F.   Requests for Admissions**

Requests for Admissions shall not be served by Plaintiffs until after <u>January 31, 2012</u> and by Defendant until after <u>January 15, 2012</u>. Per Local Civil Rule 36.1, at the time of service of the discovery request or as soon thereafter as is practicable,

3

the parties will serve a copy of the requests for admissions in a form that is electronically fillable, either Word or WordPerfect, to facilitate responses, in addition to placing the discovery requests in the mail.

**G.   Depositions**

Maximum of 10 depositions by Plaintiffs and 10 by Defendant.

Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties or by order of the Court.

Absent unforeseen circumstances, all deponents shall read and sign the deposition transcript within forty-five (45) days after receiving a copy of the deposition transcript unless otherwise agreed by the parties.

With prior consultation with opposing counsel to accommodate the deponent's schedule, pursuant to Rule 31, the parties may serve written deposition questions to Rule 26(a)(2) designated expert(s) and/or to treating medical provider(s) who have not been deposed previously in this case, not to exceed fifty (50) questions, to be served at least thirty (30) days prior to the close of discovery.  Responses are due thirty-three days after service.

The party serving such questions shall bear the cost of the deponent's time in responding to said questions, including medical providers no longer employed by the United States.

The deponent may draft his/her responses without being

4

administered an oath to tell the truth and does not have to draft his/her responses in the presence of an officer capable of administering an oath as long as the deponent executes and serves with his responses an affidavit certifying that he or she was the sole author of the responses; that he or she drafted the responses without consultation with anyone, including counsel in the case;[1] the deponent executes the affidavit under penalty of perjury pursuant to 28 U.S.C. § 1746, and the deponent certifies that he or she is placing the responses in a sealed envelope which is addressed to and is mailed directly to the counsel for the party which served the Rule 31 deposition questions.

The parties agree that opposing counsel will not assist in any way the deponent in drafting his/her responses and opposing counsel will not edit the deponent's responses, either while in the process of being drafted or afterwards.

### H. Supplementation

Supplementations under Rule 26(e) due within 30 days of receipt, but in no event after May 1, 2012.

### I. Electronically Stored Information (ESI)

Disclosure or discovery of electronically stored information should be handled as follows:

---

[1] The deponent may refer to medical texts, scientific literature, studies, the medical records, his/her notes, and all materials produced in the case, including initial disclosures, pleadings, discovery responses, deposition transcripts and all expert reports.

> The parties agree that disclosure or discovery of
> electronically stored information will be minimal in
> this case.  But, the parties agree they will take
> appropriate steps to preserve electronic data and will
> notify all other individuals who may have
> electronically stored information relevant to the
> matters set forth in the Complaint and Answer of their
> obligation to preserve electronic data.

In the event that disclosure or discovery of electronically stored information is necessary, the disclosure or discovery will be limited as follows:

> The parties agree that the scope of relevant electronic
> material will be limited to the claims set forth in the
> Answer and Complaint and that any production will
> extend only to presently existing electronic data.  The
> parties agree to produce any and all electronically
> stored information relevant to the discovery requests
> to the extent the information is not privileged or
> subject to other objection.  Any electronically stored
> information should be produced in native file format
> and/or read-only media such as CD-ROMs.

**J.  Privilege and Confidential Information**

The parties have not yet agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production.  The parties agree to be reasonable and comply with 26(b)(5) of the Federal Rules of Civil Procedure should the issues of privilege and/or protection as trial preparation material arise.

Should the need arise, at the appropriate time, the parties may submit to the Court a proposed protective order for the protection of confidential information.

**K.  HIPAA Compliance**

6

The above-captioned action is filed pursuant to the Federal Tort Claims Act (FTCA) and alleges injuries to the Plaintiffs. See Docket Entry # 1. Plaintiffs, therefore, have placed in issue Plaintiffs' mental, physical, and emotional health both prior to and after the period of alleged negligence to through the date of trial. In order for Plaintiffs to support and Defendant to defend against Plaintiffs' claims, discovery will be necessary by both partes regarding all aspects of Plaintiffs' past and present medical and mental health conditions. All of the health care providers are not known at this time. The identity of health care providers will be developed during discovery in this case.

Therefore, the parties agree to the release by all medical and mental health care providers of all medical records, including treatment for mental health and substance abuse, and all HIPAA protected health care information in their possession for the care and treatment of Plaintiffs for the time period from January 2009 through November 2012. 42 U.S.C. § 290dd-2(b)(1); 42 C.F.R. §§ 2.32; 2.64 (e)(2).

Some or all of the medical records will be given to expert witnesses for their review and the formation of their opinions. Accordingly, Plaintiffs and Defendant consent to the full release and utilization of any and all medical records in this litigation, including utilization by expert witnesses, fact

7

witnesses and consultants.  42 U.S.C. § 290dd-2(b)(1); 42 C.F.R. §§ 2.32; 2.64 (e)(2).  This consent for release of medical records shall terminate upon the resolution of this case or by subsequent stipulation or Court Order.  42 C.F.R. §§ 2.31(a)(9); 2.64(e)(3).

**PROTECTIVE ORDER**

The parties agree to abide by the protective order provisions of HIPAA sections 164.512(e)(1)(v)(A) and 164.512(e)(1)(v)(B) and the regulations regarding disclosure of mental health and substance abuse records sections 2.31(a) and 2.64(e).  The parties agree not to use or disclose the medical records (protected health information), including mental health and substance abuse treatment records, for any purpose other than prosecuting or defending the above-captioned suit.  45 C.F.R. §164.512(e)(1)(v)(A); 42 C.F.R. §§ 2.31(a); 2.32;2.63(a)(3); 2.64(e0.  The parties agree to return the records to the health care provider who/which disclosed the records **or** to destroy the records (protected health information), including all copies, at the end of litigation.  45 C.F.R. § 164.512(e)(1)(v)(B); 42 C.F.R. §§ 2.31(1)(8) and (9).

Should the Court not include in the Court's Scheduling Order the language requested in paragraph II (L), below, or not enter a separate Order for release of medical records pursuant to 45 C.F.R. § 164.512(e)(1)(i) and 42 C.F.R. §§ 2.64 and 2.63, the

8

parties hereby agree that this Joint Proposed Discovery Plan filed with the Court satisfies all of the written notice to the patient and time for objection requirements of 45 C.F.R. § 164.512(e)(1)(ii)(A) and (e)(1)(iii) and 42 C.F.R. § 2.64(b) sufficient to provide all medical and mental health providers with satisfactory assurances necessary prior to producing medical and/or mental health records, including mental health and substance abuse treatment records, in response to a subpoena duces tecum. Plaintiffs and counsel for Plaintiffs do not object to the production/disclosure of medical and mental health records, including mental health and substance abuse treatment records, for the time period January 2009 through November 2012 to Plaintiffs' counsel William W. Plyler and/or Jason A. Miller, and to the United States Attorney's Office for the Eastern District of North Carolina pursuant to 45 C.F.R. § 164.512(e)(1)(ii)(A).

Furthermore, pursuant to 42 U.S.C. § 290dd-2, Plaintiffs hereby specifically consent, through signature below of counsel retained to represent Plaintiffs in the above-captioned suit, William W. Plyler and/or Jason A. Miller, to the release of any and all medical and mental health records, including mental health and substance abuse treatment, for the time period January 2009 to through November 2012, in the health care providers' possession to William W. Plyler and/or Jason A. Miller and to the

9

United States Attorney's Office for the Eastern District of North Carolina, which medical and mental health records may contain confidential information and/or protected health care information regarding the diagnosis and/ or treatment of 1) mental health, 2) substance abuse (drug and alcohol abuse), 3) communicable disease(s) (including HIV/AIDS) and 4) genetic testing.

Plaintiffs understand and acknowledges that disclosure of the medical, mental health and substance abuse records are for the use and purpose of both parties to litigation, to support and defend against the above-captioned case. 42 U.S.C. § 290dd-2(b)(1); 42 C.F.R. §§ 2.31(a) and 2.64.

Plaintiffs understand that all records produced by healthcare providers will be used only for litigation of the above-captioned case and will be destroyed at the end of litigation. 42 U.S.C. § 290dd-2(b)(1); 42 C.F.R. §§ 2.31(a) and 2.64.

Plaintiffs understand that the consent to release of records protected by §290dd-2 can be revoked in writing at any time and, the parties agree, will automatically expire at the end of litigation. 42 C.F.R. §§ 2.31 (8) and (9).

Plaintiffs understand that written revocation does not apply to information already released in response to this consent. 42 C.F.R. § 2.31 (8).

**L. HIPAA - Parties Request for Entry of Consent Order**

The parties request that the Court specifically include in its Scheduling Order the following language:

This Order is entered pursuant to 45 C.F.R. § 164.512(e)(1)(i) 42 U.S.C. § 290dd-2, 42 C.F.R. §§ 2.64 and 2.63, and the consent of the parties. The identities of the health care providers who treated Plaintiffs for medical, mental health and substance abuse will be identified during discovery. Any and all medical and mental health providers of Plaintiffs are authorized and instructed to disclose all of Plaintiffs' medical and mental health records, including mental health and substance abuse records for the time period January 2009 through November 2012 to the counsel for both the parties (Plaintiffs and Defendant) in this matter, for use in this litigation for whatever purposes are deemed necessary, including disclosure to and use by expert witnesses, fact witnesses and/or consultants.

Notwithstanding, pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A) and (B) and 42 C.F.R. §2.64(e), the parties are directed not to use or disclose the medical, mental health and substance abuse treatment records (protected health information) for any purpose other than prosecuting or defending the above-captioned suit and are directed to either to return the records to the health care providers which disclosed the records or to destroy the records (protected health information), including all copies, at the end of litigation. Id.

11

**M. Notice of Service of Subpoena and Copies of Records**

The parties shall serve opposing counsel with copies of all subpoenas and subpoenas duces tecum served, no matter on whom served, and shall serve opposing counsel with copies of the records received pursuant to said subpoenas when the party has the capability to copy the media of the records received. F.R. Civ. P., Rules 30(b)(1) and 45.

**N. Reasonableness**

The parties agree to be reasonable throughout discovery and to consult with each other throughout the discovery period should any issues arise.

**O. Other Items**

**1. Pre-Scheduling Order Conference**

The parties do not request a conference with the Court before entry of the scheduling order.

**2. Pre-Trial Conference**

The parties request a pretrial conference in October 2012.

**3. Joining Additional Parties and Amending Pleadings**

Plaintiffs should be allowed until January 15, 2012, to join additional parties and until January 15, 2012, to amend the pleadings.

Defendant should be allowed until February 1, 2012, to join additional parties and until February 1, 2012, to amend the pleadings.

12

### 4. Dispositive Motions

All potentially dispositive motions should be filed by <u>August 31, 2012.</u>

### 5. Mediation

The parties will arrange for private mediation with Mr. Don Beskind after service of Plaintiffs' Rule 26(a)(2)(B) and (C) expert designations and summaries. Should private mediation fail, the parties agree that Court-hosted mediation should not be held prior to the close of discovery on <u>July 31, 2012</u>.

### 6. Trial

The case shall be ready for trial by <u>November 2012</u> and should take approximately two and a half (2.5) to three (3.0) days.

### 7. Late Developments in Case

Counsel shall immediately inform the Court, opposing counsel and counsel in the next succeeding two (2) cases on the trial calendar of any settlement or of any development of an emergency which may necessitate a motion for continuance of the trial. Local Civil Rule 39.2.

### 8. Judicial Intervention

This case does not need early judicial intervention due to complexity or other factors.

Respectfully submitted this 28th day of December, 2011.

                THOMAS G. WALKER
                UNITED STATES ATTORNEY

| BY: /s/ William W. Plyler | BY: /s/ Edward D. Gray |
|---|---|
| WILLIAM B. PLYLER | EDWARD D. GRAY |
| Attorney for Plaintiffs | Attorney for Defendant |
| 3201 Glenwood Avenue | Assistant United States Attorney |
| Suite 100 | Civil Division |
| Raleigh, NC 27612 | 310 New Bern Avenue |
| Telephone: (919)881-2111 | Suite 800, Federal Building |
| Facsimile: (919)781-8630 | Raleigh, NC 27601-1461 |
| email: wplyler@kirby-holt.com | Telephone:(919)856-4530 |
| NC Bar No. 10475 | Facsimile: (919)856-4821 |
| | email: Edward.Gray@usdoj.gov |
| | NC Bar No. 37539 |

14