IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-364-F

| | | |
|---|---|---|
| C.H., a minor, LINDA A. HUGHES and ROBERT W. HUGHES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 24) by plaintiffs to compel defendant to produce a sworn statement. The motion has been fully briefed[1] and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 25). For the reasons set forth below, the motion will be denied.

## BACKGROUND

This action was commenced pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, to recover damages for personal injuries sustained by the minor plaintiff in an accident at the 2009 North Carolina State Fair, allegedly the result of defendant's negligence. (*See generally* Compl. (D.E. 1)). Defendant conducted an investigation of the accident and, in the course of it, Sergeant First Class Martello Houston gave a sworn statement ("Houston statement"). (Martello Houston Dep. (D.E. 25-3) 33:3-17). A report was prepared in connection with defendant's investigation, and the Houston statement was one of 15 exhibits attached to the report. During the course of discovery, defendant produced the report and various exhibits to it,

---

[1] In support of their motion, plaintiffs filed a memorandum (D.E. 24-1) with exhibit (D.E. 24-2). Defendant filed a memorandum (D.E. 25), two declarations (D.E. 25-1, D.E. 25-2), and a deposition transcript (D.E. 25-3) in opposition.

but did not produce the Houston statement. Defendant acknowledges that the Houston statement existed at one time, but states that it cannot locate a copy of it at this time, despite an active search. (*See* Christopher D. Simpson Dec. (D.E. 25-1) ¶¶ 6-13, 16-17; Joshua Pope Dec. (D.E. 25-2) ¶¶ 2, 4). By their motion, plaintiffs seek an order compelling defendant to produce the statement.

## DISCUSSION

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While the court does not doubt and defendant does not contest the relevance of the Houston statement, the court cannot compel a party to produce a document that is not within its possession, custody, or control. *See Kelly v. United States,* 281 F.R.D. 270, 278 (E.D.N.C. 2012) ("Defendant further contends that it is unaware of any documents that respond to the request. Again, the court cannot compel something that does not exist."); *Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 244 (E.D.N.C. 2010) ("Defendants maintain they possess no pre-litigation privileged documents and therefore have no privilege log to discover. Again, the

2

undersigned cannot compel production of an item that does not exist. Plaintiff's Motion to Compel the privilege log is therefore denied. The undersigned trusts that should any pre-litigation privileged documents surface, Defendants will promptly inform Plaintiff. Failure to do so will subject Defendants to penalties."). Here, defendant has established that it cannot presently locate the Houston statement. The court therefore cannot order defendant to produce it at this time. Of course, if defendant does subsequently locate the statement, it shall produce it immediately. In addition, the court's ruling does not preclude plaintiffs from pursuing other potential remedies or a limiting instruction arising from the missing statement. *See, e.g. Joiner v. Choicepoint Servs., Inc.*, No. 1:05CV321, 2006 WL 2669370, at *3 (W.D.N.C. 15 Sept. 2006) ("Defendant has repeatedly assured Plaintiff that if it finds additional documents relating to these requests, it will disclose its findings to Plaintiff. If Defendant is truly misrepresenting or failing to disclose evidence, upon the showing of such an instance the Court may be required to take action under Rule 37 of the Federal Rules of Civil Procedure. Until such a showing is made, however, Plaintiff cannot compel Defendant to answer in a way that is more satisfactory to her simply on a hunch.").

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel (D.E. 24) is DENIED.

SO ORDERED, this the 10th day of May 2013.

_____
James E. Gates
United States Magistrate Judge

3

Case 5:11-cv-00364-JG   Document 33   Filed 05/13/13   Page 3 of 3